# IN THE COURT OF APPEALS OF IOWA

No. 22-0076
Filed March 30, 2022

**IN THE INTEREST OF T.D. and A.C.,**
**Minor Children,**

**A.W., Mother,**
        Appellant,

**A.C., Father,**
        Appellant.

_____


        Appeal from the Iowa District Court for Clinton County, Kimberly K.

Shepherd, District Associate Judge.


        A mother and father separately appeal the termination of their respective

parental rights.  **AFFIRMED ON BOTH APPEALS.**


        Jennifer Triner Olsen, Davenport, for appellant mother.

        J. David Zimmerman, Clinton, for appellant father.

        Thomas J. Miller, Attorney General, and Dion D. Trowers, Assistant

Attorney General, for appellee State.

        Victoria D. Noel, Clinton, attorney and guardian ad litem for minor children.


        Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

A mother and father separately appeal the termination of their respective parental rights.[1]  They both attempt to challenge the statutory grounds authorizing termination and whether termination is in the children's best interests, suggesting their respective parent-child bonds should preclude termination.  The mother also argues the district court should have established a guardianship instead.  We affirm.

We review termination proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.  Then we address any additional claims raised by the parents.  *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1 (Iowa Ct. App. Jan. 9, 2020).

---

[1] The mother's rights were terminated to two children, T.D. and A.C.  A.C.'s father's parental rights were terminated as to A.C.  We refer to A.C.'s father as the father. T.D.'s father's parental rights to T.D. were also terminated, but he does not appeal.

Both parents challenge the statutory grounds authorizing termination of their respective parental rights. Here, the juvenile court terminated both parents' rights under Iowa Code section 232.116(1)(d), (e), and (f) (2021). The mother only challenges the statutory grounds under paragraphs (e) and (f) and brings no challenge under paragraph (d). When the juvenile court finds multiple grounds satisfied, we may affirm on any one ground. *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). So we find the unchallenged statutory ground under section 232.116(1)(d) authorizing termination satisfied. *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020) ("Because the mother does not challenge the statutory grounds under paragraph (*l*), we find the statutory grounds authorizing termination satisfied under section 232.116(1)(*l*)."). The father brings a general challenge to the statutory grounds without directing his attention toward a particular paragraph. However, the substance of his argument does not address paragraph (d). So we consider any challenge to this paragraph waived and affirm on that ground. *See In re O.B.*, No. 18-1971, 2019 WL 1294456, at *2 (Iowa Ct. App. Mar. 20, 2019).

Next, we address steps two and three in tandem. Step two centers on the children's best interests. *See* Iowa Code § 232.116(2). When making a best-interest determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by

hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41. Step three permits the court to apply permissive exceptions to forgo termination in certain circumstances. *See* Iowa Code § 232.116(3). However, the burden of establishing an exception rests with the parent. *See A.S.*, 906 N.W.2d at 476.

Here, both parents ask us to conclude termination is not in their respective children's best interests and apply an exception to termination due to their respective bonds with the children. *See* Iowa Code § 232.116(3)(c). Because we think termination of both parents' rights is in the children's best interests, we decline to apply any permissive exception. As the juvenile court correctly observed, "these two children have been deprived of the security and stability that every child deserves." The mother has a history of testing positive for methamphetamine, but denied any use at the termination hearing. And she has missed numerous drug tests ordered by the department of human services. The father cannot offer A.C. stability either. He was absent from A.C.'s life for a time because he claimed to have witnessed violent crimes. Plus he tested positive for methamphetamine shortly before the termination hearing.

All things considered, we believe termination offers these children the best opportunity to find "the security and stability that every child deserves." So we conclude termination is in their best interests.

Finally, we address the mother's contention the juvenile court should have established a guardianship instead of terminating her parental rights. But we note the juvenile court never ruled on her request to establish a guardianship as an alternative to termination. "If a party presents an issue to the court, but the court

does not rule on that issue, 'the party raising the issue must file a motion asking the court for a ruling in order to preserve the issue for appeal.'" *In re B.N.*, No. 14-1640, 2015 WL 582091, at *1 (Iowa Ct. App. Feb. 11, 2015) (citation omitted). And the mother did not file a motion requesting the court address her request to establish a guardianship. So we conclude the mother's claim is not preserved for our consideration. Nonetheless, we note "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (citation omitted). And the mother does not specify which family member should have been appointed guardian of the children, and none appear to be viable options.

**AFFIRMED ON BOTH APPEALS.**